UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Guangli Zhang, individually and on behalf of All Other Employees Similarly Situated,<br><br>         Plaintiff,<br><br>- against -<br><br>East Garden 1st Ave Inc. d/b/a East Garden, Suzhen Yang, and Weigen Guo<br><br>         Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT** |

  Plaintiff Guangli Zhang ("Plaintiff") on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants East Garden 1st Ave Inc. d/b/a East Garden, Suzhen Yang, and Weigen Guo, (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

  1.  This action is brought by Plaintiff, on behalf of himself and all other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. §§ 201 *et seq.*, and of New York Labor Law §§190 et seq. ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

  2.  Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked, minimum wage, overtime compensation for all hours worked over forty (40) each workweek, and "spread of hours" pay for each work day whose interval between beginning and end exceeds 10 hours.

3. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of federal and state labor laws by engaging in a pattern and practice of unlawfully retaining part or all of tips owed to Plaintiff who worked as a delivery worker in violation of Section 203(m) of the Fair Labor Standards Act and Sections 196-d and 650 et seq. of New York Labor Law.

4. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

5. Plaintiff further alleges pursuant to New York Labor Law §190 et seq., and Title 12 of New York Codes, Rules and Regulations Part 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime wages, (3) unlawful gratuities reduction, (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (5) liquidated damages equal to the sum of gratuities reduction, unpaid wages and minimum wages, unpaid overtime wages, and spread of hours premiums pursuant to the NY Wage Theft Prevention Act; (6) prejudgment and post judgment interest; (7) attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## **PLAINTIFF**

8. Plaintiff Guangli Zhang is an individual residing in Queens, New York.

9. Plaintiff Guangli Zhang was employed to work as a delivery worker by Defendant's restaurant located at 1685 First Avenue, New York, NY 10128 from approximately April 10, 2017 to January 12, 2018, and from April 14, 2018 to May 13, 2018.

## **DEFENDANTS**

10. Defendant East Garden 1st Ave Inc. d/b/a East Garden is a domestic business corporation organized under the laws of the State of New York with a principal business address at 1685 First Avenue, New York, NY 10128.

11. Upon information and belief, Defendant East Garden 1st Ave Inc. d/b/a East Garden, is a restaurant that had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12. Upon information and belief, Defendant East Garden 1st Ave Inc. d/b/a East Garden purchased and handled goods moved in interstate commerce.

13. Upon information and belief, Defendant Suzhen Yang is the owner, officer, director, manager, shareholder, and/or agent of East Garden 1st Ave Inc. d/b/a East Garden located at 1685 First Avenue, New York, NY 10128, and participated in the day-to-day operations of East Garden and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with the above-mentioned corporate defendant.

14. Upon information and belief, Defendant Suzhen Yang owns the stock of the East Garden and manages and makes all business decisions including but not limited to hiring and firing

the employee, the amount in salary the employee will receive and the number of hours the employee will work, and management and/or access to payroll records.

15. Upon information and belief, Defendant Weigen Guo is the owner, officer, director, manager, shareholder, and/or agent of East Garden 1st Ave Inc. d/b/a East Garden located at 1685 First Avenue, New York, NY 10128, and participated in the day-to-day operations of the East Garden and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with the above-mentioned corporate defendant. (See Exhibit 2)

16. Upon information and belief, Defendant Weigen Guo owns the stock of the East Garden and manages and makes all business decisions including but not limited to hiring and firing the employee, the amount in salary the employee will receive and the number of hours the employee will work, and management and/or access to payroll records. (See Exhibit 3)

17. At all times relevant herein, East Garden 1st Ave Inc. d/b/a East Garden was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

## STATEMENT OF FACTS

18. Defendants committed the following alleged acts knowingly, intentionally and willfully.

19. Defendants knew that the nonpayment of minimum wage, overtime pay, spread of hours pay, unlawful retention of tips, and failure to provide the required wage notice at the time of hiring and failure to provide a correct wage statement with every payment of wages would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

20. From approximately April 10, 2017 to May 13, 2018, Plaintiff was hired by Defendants to work as a delivery worker for Defendants' restaurant East Garden located at 1685 First Avenue, New York, NY 10128.

21. Defendants did not compensate Plaintiff for all hours worked, or paid Plaintiff minimum and overtime compensation according to state and federal laws.

22. From approximately April 10, 2017 to January 12, 2018, and from approximately April 14, 2018 to May 13, 2018, Plaintiff worked seven days per week.

23. During this time period, Plaintiff worked from 11:00 am to 11:00 pm without any break Monday through Saturday; and he worked from 12:00 pm to 11:00 pm without any break on Sunday. Therefore, Plaintiff worked approximately eighty-three (83) hours per week during this period.

24. Throughout his employment with Defendants, Plaintiff was paid a fixed daily rate of $50 regardless of the hours worked. He was paid biweekly in cash.

25. On any given work day, Plaintiff did not have any uninterrupted break time.

26. Upon information and belief, Defendants retained $5.00 to $10.00 on average, sometimes even $20.00 to $30.00 per day from the tips earned by Plaintiff from the online food ordering systems ("internet orders").

27. By unlawfully retaining part or all of the tips earned by Plaintiff, Defendants prevented Plaintiff from retaining all of the tips he should have received in violation of NYLL §196-d.

28. Plaintiff was not required to keep track of his time, nor to his knowledge did the Defendant utilize any tracking device, such as punch cards or sign in sheets, that accurately recorded his actual hours worked.

29. Plaintiff regularly worked more than ten (10) hours in a workday. However, Defendants willfully and intentionally failed to compensate Plaintiff with an additional one hour's pay at the full minimum wage for each day his workday exceeded ten (10) hours, as required spread-of-hours pay under New York law.

30. Defendants failed to give notice to Plaintiff of their intention to take tip credits in violation of Section 203(m) of the Fair Labor Standards Act and 12 NYCRR §142.

31. Defendants failed to compensate Plaintiff for minimum wage and/or overtime compensation according to state and federal laws.

32. Defendants did not provide Plaintiff with a wage notice, at the time of his hiring, in English and in Mandarin (the primary language identified by Plaintiff), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

33. Defendants also did not provide Plaintiff with proper statement of wages with each wage payment, as required by NYLL §195(3).

34. While employed by Defendants, Plaintiff was not exempt under federal or state laws requiring employers to pay employees overtime.

## FLSA COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and

belief, there are more than forty (40) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

36.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

37.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

38.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

39.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds

generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

    b. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA;

    c. Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation of the FLSA and the regulations promulgated thereunder;

    d. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

    e. Whether the Defendants failed to reimburse Plaintiff the "tools of trade" expenses that he was required to incur;

    f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

40.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

41.    Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I

**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

42.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

43.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is a covered employee within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

44.     At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

45.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

46.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

47.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

48.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

49.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Action Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT II**

**[Violation of New York Labor Law—Minimum Wage]**

50. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

51. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

52. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

53. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III

**[Violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

54. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

56. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

57. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pays violated the FLSA.

58. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

59. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

60. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

61. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Action Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV
### [Violation of New York Labor Law—Overtime Pay]

62. Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

63. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

64. Defendants' failure to pay Plaintiff his overtime pays violated the NYLL.

65. Defendants' failure to pay Plaintiff was not in good faith.

## COUNT V
### [Violation of New York Labor Law—Spread of Hours Pay]

66. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and Part 146 of Title 12 of the Official Compilation of Codes, Rules, and Regulations of the State of New York. 12 NYCRR §146-1.6

68. Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT VI
### [Violation of New York Labor Law—Failure to Provide Wage Notice at the Time of Hiring]

69. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70. The Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

71. Due to the Defendants' violation of the NYLL, § 195(1), the Plaintiff is entitled to recover from the Defendants liquidated damages of $50.00 per work day that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-b).

## COUNT VI
### [Violation of New York Labor Law—Failure to Provide Wage Statement]

72. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73. The Defendants failed to furnish with each wage payment a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL, § 195(3).

74. Due to the Defendants' violation of the NYLL, § 195(3), the Plaintiff is entitled to recover from the Defendants liquidated damages of $250.00 per work day that the violation occurred, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-d).

75. The Defendants' NYLL violations have caused the Plaintiff irreparable harm for which there is no adequate remedy at law.

## COUNT VII
### [Violation of New York Labor Law - Gratuities Violations]

76. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

77. NYLL § 196-d bars an employer from retaining "any part of a gratuity or of any charge purported to be gratuity [.]"

78. New York Labor Law further prohibits an employer or his agent from demanding or accepting, "directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity or of any charge purported to be a gratuity for an employee." N.Y. Labor Law§196-d.

79. Defendants unlawfully retained and/or redistributed to portions of the tips earned by Plaintiff, as such, Defendants did not allow Plaintiff to retain all the tips they earned.

80. Defendants retained part of Plaintiff's gratuities for unauthorized purpose in violation of NYLL § 196-d.

81. Defendants' retention of Plaintiff's gratuities was willful.

82. Accordingly, Plaintiff is entitled to recover from Defendants, jointly and severally, damages in the amount of unlawfully retained gratuities and an amount equal of their unlawfully retained gratuities in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-and post-judgment interest, pursuant to NYLL § 198.

### **Prayer for Relief**

**WHEREFORE**, Plaintiff, on behalf of himself, the FLSA collective, respectfully request that this court enter a judgment providing the following relief:

a) Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issues such notice, to all persons who are presently, or have been employed by defendants as non-exempt employees. Such notice shall inform them that the

civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in collective members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against East Garden 1st Ave Inc., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid wages and minimum wages due Plaintiff and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of one hundred percent under NY Wage Theft Prevention Act, and interest;

g)      An award of unpaid overtime wages and the "tools of trade" damage due under FLSA and New York Labor Law;

h)      An award of unpaid "spread of hours" premium due under the New York Labor Law;

i)      An award of damages for Defendants' failure to provide wage notice at the time of hiring and furnish wage statements with every payment of wages as required under the

New York Labor Law;

j)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

k)      An award of liquidated and/ or punitive damages as a result of Defendants' willful retention of Plaintiff's tips, failure to pay wages, minimum wages, overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)      The cost and disbursements of this action;

n)      An award of prejudgment and post-judgment fees;

o)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York, June 14, 2018

Respectfully Submitted,

HANG & ASSOCIATES, PLLC

/s/ _Rui Ma____
Rui Ma, Esq.
136-20 38th Ave. Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: rma@hanglaw.com

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by East Garden and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

GUANGLI ZHANG
Full Legal Name (Print)

GUANGLI ZHANG
Signature

6/1/2018
Date