UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GUANGLI ZHANG,

                                                Plaintiff,                              **18-CV-5755 (ALC)(SN)**

        -against-                                                **OPINION & ORDER**

EAST GARDEN 1ST AVE INC., et al.,

                                              Defendants.
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

        On March 1, 2019, Plaintiff filed a motion to compel Defendants to produce documents. For the reasons set forth below, the motion to compel is largely GRANTED.

## BACKGROUND

        Plaintiff commenced this action on June 25, 2018. ECF No. 1. He alleges violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Id. at 1.

        On November 2, 2018, Defendants requested leave to file a motion for summary judgement. ECF No. 20. Defendants claimed that Defendant East Garden 1st Ave Inc. ("East Garden") did not qualify as an "enterprise engaged in commerce" under the FLSA. Id. They argued that East Garden had less than $500,000 in annual sales and therefore was not an "employer" under federal law. Id.; see 29 U.S.C. § 203(s)(1)(A)(ii). The Honorable Andrew L. Carter, Jr., denied Defendants' request and directed the parties to resume discovery. ECF No. 24.

        As part of their initial disclosures, Defendants produced the first page of East Garden's 2017 federal tax return. ECF No. 33, Plaintiff's Motion ("Pl's Br."), Exhibit 1. The tax return indicates that East Garden's annual "gross receipts or sales" was $254,566; the remaining line items, however, have been redacted. Id. In addition, Defendants also produced the first page of

East Garden's quarterly sales and use tax returns from New York. The returns show East Garden's quarterly sales from March 1, 2017, through August 31, 2018. Id.

## LEGAL STANDARD

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party may serve on any other party a request to produce documents within the scope of Rule 26. Id. at 34(a). The responding party must produce documents sought in each request or state an objection to the request, including the reasons. Pegoraro v. Marrero, 281 F.R.D. 122, 132 (S.D.N.Y. 2012) (citing Fed R. Civ. P. 34(b)(2)). If the responding party fails to produce documents, the party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37(a)(3)(B).

## DISCUSSION

Plaintiff seeks two sets of documents in his motion to compel. Specifically, Plaintiff requests: (1) all supporting and attached documents to East Garden's 2016, 2017, and 2018 federal tax returns ("Federal Tax Return Documents"); and (2) any records of receipts, sales, credit card sales receipts, bank account statements, and bank slips concerning East Garden's gross volume of sales in 2017 and 2018 ("Business Documents"). Pl's Br., at 1. Plaintiff also requests that Defendants produce clean copies of East Garden's tax returns with redaction only of privacy-related information. Id. The Court addresses these issues in turn.

First, Defendants must produce complete copies of East Garden's Federal Tax Return Documents. These documents are relevant because they provide insight as to whether East Garden satisfied the FLSA's annual sales requirement. See Junmin Shen v. Number One Fresco

Tortillas, Inc., No. 16-CV-2015 (RWL), 2018 WL 6712771, at *7 (S.D.N.Y. Nov. 26, 2018) (considering a defendant's tax returns in this context); Monterossa v. Martinez Restaurant Corp., No. 11-CV-3689 (JMF), 2012 WL 3890212, at *3–4 (S.D.N.Y. Sept. 7, 2012) (same). Defendants seem to admit this fact but argue in response that they should be able to redact large portions of East Garden's returns. See ECF No. 34, Defendant's Opposition ("Def's Br."), at 1–2. This argument is unavailing. Defendants offer no justification for their redactions, and courts routinely scrutinize information on an employer's tax returns *other than gross receipts* to determine the returns' reliability. See, e.g., Junmin Shen, 2018 WL 6712771, at *7 (considering "compensation of officers" and "salaries and wages"); Rocha v. Bakhter Afghan Halal Kababs, Inc., 44 F. Supp. 3d 337, 348–49 (E.D.N.Y. 2014) (considering "salaries and wages" and "rent"). For this reason, Defendants must produce a complete copy of East Garden's 2017 Federal Tax Return Documents, and if or when it exists, a complete copy of East Garden's 2018 Federal Tax Return Documents. This production should include any "supporting and attached documents" to East Garden's returns. That said, because Plaintiff does not allege that he worked at the restaurant during the 2016 tax year, Defendants are not required to produce East Garden's 2016 Federal Tax Return Documents. See ECF No. 1, Complaint, at ¶ 9. In producing these documents, Defendants may redact only privacy-related information.

Second, Defendants must produce any records of receipts, sales, credit card sales receipts, bank account statements, and bank slips concerning Defendants' gross volume of sales in 2017 and 2018. Like East Garden's Federal Tax Return Documents, these Business Documents are relevant in determining whether East Garden has satisfied the FLSA's annual sales requirement. See Jia Hu Qian v. Siew Foong Hui, No. 11-CV-5584 (CM), 2013 WL 3009389, at *3 (S.D.N.Y. June 14, 2013) ("[T]ax returns are not dispositive, and the veracity of those documents can be

questioned by a Plaintiff."). Because Plaintiff's request is limited to a two-year period and narrowly tailored to Defendants' "gross volume of sales," the request does not impose an undue burden on Defendants. As a result, Defendants must produce these documents.

## CONCLUSION

Within fourteen (14) days of this Order, Defendants are directed to search for and produce: (1) complete copies of East Garden's 2017 and 2018 Federal Tax Return Documents, including the tax returns and any supporting and attached documents; and (2) the Business Documents, including any records of receipts, sales, credit card sales receipts, bank account statements, and bank slips concerning Defendants' gross volume of sales in 2017 and 2018. Defendants may redact privacy-related information from the tax returns, but nothing else.

In their opposition papers, Defendants assert that East Garden "may not have carefully maintained elaborate business records" and that "there is no certainty that the records sought by plaintiff still exist." Def's Br., at 2. Accordingly, Defendants are directed, if necessary, to request responsive documents from East Garden's banks and accountant. See In re NTL, Inc. Sec. Litig., 244 F.R.D. 179, 195 (S.D.N.Y. 2007) ("[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a nonparty to the action.") (internal citations omitted); De Vos v. Lee, No. 07-CV-804 (JBW) (RLM), 2008 WL 2946010, at *1 6 (E.D.N.Y. July 29, 2008) ("[D]ocuments in the possession of a party's accountant are deemed within that party's control for purposes of Rule 34 discovery.") (collecting cases).

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 33.

**SO ORDERED.**

DATED:   March 19, 2019
            New York, New York

_____
SARAH NETBURN
United States Magistrate Judge